IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

ALEXANDER ZENO, ET AL.

:

    v.             :       Civil Action No. DKC 09-0544

:

THE UNITED STATES OF AMERICA,
ET AL.           :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this action
are: (1) Defendants' motion to dismiss and for a prefiling
injunction (Paper 9), and (2) Plaintiffs' motion to strike
(Paper 16). The issues are fully briefed and the court now
rules pursuant to Local Rule 105.6, no hearing being deemed
necessary. For the reasons that follow, Defendants' motion will
be granted in part and denied in part and Plaintiffs' motion
will be denied.

## I. Background

Plaintiff Alexander Zeno is an attorney who primarily
practices criminal law in Puerto Rico. Mr. Zeno and his wife,
Plaintiff Melanie Rivera-Rivera, reside in Maryland.

Mr. Zeno was subject to disciplinary proceedings. *See In
re Zeno*, 517 F.Supp.2d 591 (D.P.R. 2007). He appealed the
result of those proceedings, and the United States Court of
Appeals for the First Circuit affirmed the lower court's

decision.  *In re Zeno*, 504 F.3d 64 (1st Cir. 2007).  Mr. Zeno was also subject to disciplinary proceedings in Massachusetts and Texas.

Plaintiffs filed a lawsuit in the United States District Court for the District of Maryland in November of 2007 against several judges from the District of Puerto Rico and the United States Court of Appeals for the First Circuit.  *Zeno et al. v. Fuste et al.*, No. 07-3173 (D.Md. filed Nov. 27, 2007). Plaintiffs sought injunctive relief against the judges.  In the same suit, Plaintiffs sought damages against the U.S. Attorney for the District of Puerto Rico and several Assistant United States Attorneys, alleging interference with Mr. Zeno's attorney-client relationships in cases in which he was representing defendants through Criminal Justice Act ("CJA") appointments.  Plaintiffs amended their complaint to add allegations against a Massachusetts state court judge, two clerks from that court, and three attorneys affiliated with the Massachusetts office of bar counsel.  Second Amended Complaint, *Zeno et al. v. Fuste et al.*, No. 07-3173 (D.Md. Jan. 29, 2008). The defendants filed a motion to dismiss Plaintiffs' complaint, arguing a lack of personal jurisdiction, improper venue, and immunity.  Motion to Dismiss, *Zeno et al. v. Fuste et al.*, No. 07-3173 (D.Md. Feb.14, 2008).

The court issued a memorandum opinion and order on July 28, 2008 and granted the defendants' motion to dismiss. The court stated that it lacked personal jurisdiction over the defendants and that Maryland was an improper venue for the case. Furthermore, the court stated that Plaintiffs' claims against the judges, prosecutors, and court personnel were barred by absolute and qualified immunity. *Zeno et al. v. Fuste et al.*, No. 07-3173, slip op. at 3-4 (D.Md. July 28, 2008). Plaintiffs filed an appeal but later filed a motion to dismiss their appeal, which was granted by the United States Court of Appeals for the Fourth Circuit. Motion to Dismiss Appeal and Order Granting Motion to Dismiss Appeal, *Zeno et al. v. Fuste et al.*, No. 08-1956 (4th Cir. Dec. 15, 2008). Plaintiffs stated in their motion to dismiss their appeal that they "reconsidered their legal position on this appeal and have decided to voluntarily ask [the Fourth Circuit] to dismiss it." *Id.* (Motion to Dismiss Appeal).

Plaintiffs filed their complaint in this case on March 5, 2009. (Paper 1). This complaint is almost identical to the one filed in the prior case, except that Plaintiffs have added an allegation that the court has jurisdiction pursuant to the Federal Tort Claims Act ("FTCA") and have added the United States as a Defendant. Plaintiffs have included the Defendants who were sued in the prior case, apart from the Massachusetts

3

state court judge, the two clerks from the Massachusetts court, and the three attorneys affiliated with the Massachusetts office of bar counsel.

Plaintiffs allege eight causes of action and state that all of the causes of action are actionable under the FTCA. (Paper 1, ¶ 3).  Plaintiffs allege that the Defendants who are judges abused their authority in disciplining Mr. Zeno and unreasonably delayed payments for his work representing defendants as a CJA appointed attorney.  Plaintiffs also allege that the Defendants who are prosecutors interfered with Mr. Zeno's attorney-client relationships and/or are harassing or maliciously "persecuting" Plaintiffs.   Plaintiffs seek injunctive relief and damages.  (Paper 1, at 12-14).

Defendants filed a motion to dismiss Plaintiffs' claims and a motion for a prefiling injunction.  (Paper 9).  Plaintiffs filed a motion to strike from the record any reference to opinions written by any of the Defendants and by the Massachusetts Supreme Judicial Court.  (Paper 16).

## II.  *Res Judicata*

The doctrine of *res judicata* encompasses two concepts: (1) claim preclusion and (2) issue preclusion, or collateral estoppel.  *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)(citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

### A.   Claim Preclusion

The doctrine contemplates, at a minimum, that courts not be required to adjudicate nor defendants to address successive actions arising out of the same transaction and asserting breach of the same duty. *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983).   For a prior judgment to bar an action on the basis of *res judicata*, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding.   *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).

Consideration of the defense of *res judicata* on a motion to dismiss is appropriate under the circumstances presented here:

> Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2[d] Cir. 1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C. 1992), *aff'd*, 989 F.2d 491 (4th Cir. 1993)(unpublished).

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000); *see also Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006).

Under the law of the Fourth Circuit, claim preclusion does not ordinarily apply to bar a plaintiff's claims when an earlier decision on the same claims rests on alternate grounds.   In *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116 (4th Cir. 1989), the Fourth Circuit considered whether the plaintiffs' claims in two dismissed cases should bar the plaintiff's substantially identical claims in a related third case.   The court, noting that the first two cases had been dismissed because the plaintiffs exceeded their leave to amend their complaints, stated,

> Had the district court dismissed [the first two cases] on alternative grounds, one procedural and one substantive, *res judicata* would not prevent the litigating of [the third case].   When a dismissal is based on two determinations, one of which would not render the judgment a bar to another action on the same claim, the dismissal should not operate as a bar.

*Id.* (citing Restatement (Second) of Judgments § 20 cmt. e, illus. 4 (1982)).

The rationale for the Fourth Circuit's position is found in Restatement (Second) of Judgments § 20, comment e and illustrations 3 and 4.   Section 20 explains the situations in which claim preclusion does not generally apply:

6

> (1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim:
>
> > (a) When the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties; or
> >
> > (b) When the plaintiff agrees to or elects a nonsuit (or voluntary dismissal) without prejudice or the court directs that the plaintiff be nonsuited (or that the action be otherwise dismissed) without prejudice; or
> >
> > (c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made.

Restatement (Second) of Judgments § 20. Comment e and illustrations 3 and 4 to Section 20 further explain why *res judicata* does not ordinarily bar relitigation of claims that were decided on alternate grounds:

> Comments:
>
> > e. Alternative determinations. A dismissal may be based on two or more determinations, each of which, standing alone, would render the judgment a bar to another action on the same claim. In such a case the judgment operates as a bar. See Illustration 3.
> >
> > A dismissal may be based on two or more determinations, at least one of which, standing alone, would not render the judgment a bar to another action on the same claim. In such a case, if the judgment is one rendered by a court of first instance,

it should not operate as a bar. See
Illustration 4. Even if another of the
determinations, standing alone, would render
the judgment a bar, that determination may
not have been as carefully or rigorously
considered as it would have if it had been
necessary to the result, and in that sense
it has some of the characteristics of dicta.
And, of critical importance, the losing
party, although entitled to appeal from both
determination, may be dissuaded from doing
so as to the determination going to the
"merits" because the alternative
determinations, which in itself does not
preclude a second action, is clearly
correct. The rules of res judicata should
not encourage or foster appeals in such
instances.

If the judgment resting on alternative
determinations discussed in the preceding
paragraph is that of an appellate court, the
question whether it bars another action on
the same claim is a difficult one. See the
discussion of an analogous question on the
context of issue preclusion, § 27, Comments
i and o. But in any event, the judgment
should not operate as a bar if one of the
determinations is that the court in which
the action was brought lacked subject matter
or personal jurisdiction to adjudicate the
claim.

Illustrations:

3. A brings an action against B for
breach of contract and after trial without a
jury, the court holds for B on the basis
that (a) the contract is unenforceable
because not in writing and (b) in any event
B was induced to enter the agreement by A's
fraud. A is barred from bringing a second
action on the same claim.

4. The facts are the same as in
Illustration 3, but the trial court also
holds that the action is premature because

> the time for B's performance has not yet
> arrived. A is not barred from bringing suit
> on the claim after that time has arrived.

Restatement (Second) of Judgments § 20 cmt. e, illus. 3 and 4.

Comment e to Section 20 clearly states that a "judgment should not operate as a bar if one of the determinations is that the court in which the action was brought lacked subject matter or personal jurisdiction to adjudicate the claim." *Id.* The Fourth Circuit similarly has expressed: "It is well-established law that a dismissal for lack of jurisdiction does not bar a subsequent suit on the same claim brought in a court of competent jurisdiction." *Brooks v. Arlington Hosp. Ass'n*, 850 F.2d 191, 196 (4th Cir. 1988). There are certain situations, however, in which *res judicata* may apply despite the general rule. Comment n to Section 20 observes: "*n. Unfair to subject defendant to a second action.* The rule of this Subsection is not an inflexible one. In some instances, the doctrines of estoppel or laches could require the conclusion that it would be plainly unfair to subject the defendant to a second action." Restatement (Second) of Judgments § 20 at cmt. n.

The Fourth Circuit, citing a draft version of comment n, carved out an exception to the general rule regarding the effect of *res judicata* in a case where a previous court's decision rested on alternate grounds. In *Stebbins v. Nationwide Mutual Insurance Co.*, 528 F.2d 934 (4th Cir. 1976), *cert. denied*, 424

9

U.S. 946 (1976), the court evaluated one case in a series of actions brought by a plaintiff, Stebbins, who alleged that various insurance companies had rejected his application for employment because of racial discrimination.   The plaintiff previously had filed an action against the defendant, Nationwide Mutual Insurance Co., and the case was dismissed.   *Id.* at 936. The court of appeals affirmed the lower court's dismissal only on the procedural ground that the plaintiff had not timely filed his suit after receiving a right-to-sue notice from the EEOC. *Id.*   The plaintiff received another right-to-sue notice and filed a second action against the same defendant involving the same claim.   The Fourth Circuit found that *res judicata* precluded the second action, though the first action had not resulted in a judgment on the merits.   *Id.* at 937.

The court explained that *res judicata* would preclude the plaintiff's claims in the second action because deciding otherwise would be manifestly unfair to the defendant.   *Id.*   The court stated:

> More importantly, however, the unfairness that would result to Nationwide from a new trial is substantial and manifest. Nationwide not only prepared to litigate the merits of the first suit, but actually participated in a hearing on the merits.   A review of the transcript of that hearing discloses that it was a full-blown trial and the district court's order, although it relies on the doctrine of collateral estoppel, contains a statement to the effect

10

that the district court found Stebbins to be
unemployable.  Thus, the issues were fully
litigated, notwithstanding the district
court's failure to follow through with
formal findings of fact and our affirmance
based on an alternate "non-merits" ground.
It would clearly be unfair to burden
Nationwide with a second action when the
fact that the first action was not decided
on the merits is due solely to Stebbins'
intentional disregard of the statutory
precondition.  Had Stebbins not aborted the
trial in his efforts to test the statutory
procedures, one lawsuit could well have been
sufficient to thoroughly air his grievances.
We do not believe that the burden of a new
trial should be placed upon Nationwide when
the fault rests wholly upon Stebbins'
shoulders.

*Id.* at 937-38 (citing Tentative Draft No. 1 of the Restatement

(Second) of Judgments § 48.1, comm. n (1973); *Weissinger v.*

*United States*, 423 F.2d 795 (5th Cir. 1970)).

Defendants argue that the doctrine of *res judicata*

precludes Plaintiffs from bringing any of the claims in this

action because they arose out of the same set of facts and are

nearly identical to the claims that were decided by the court in

*Zeno et al. v. Fuste et al.*, No. 07-3173 (D.Md. filed Nov. 27,

2007).  (Paper 9, at 4-5).  In that case, the court found that

the court lacked personal jurisdiction over the Defendants, that

Maryland was an improper venue, and, in any event, that

Plaintiffs' claims were barred by the Defendants' absolute and

qualified immunity.  Plaintiffs contend that *res judicata* does

not bar the claims in their complaint because the court did not

make a determination on the merits of their claims. (Paper 11, at 1; Paper 13, at 2-3).

Though the court's prior ruling rested on alternate grounds, *res judicata* still applies to bar Plaintiffs' claims in this case. Here, the court's previous opinion dismissed Plaintiffs' case on procedural grounds (lack of personal jurisdiction and improper venue) *and* on an alternative substantive ground (Plaintiffs' action was barred by the defendants' absolute and qualified immunity). *Zeno et al. v. Fuste et al.*, No. 07-3173, slip op. at 3-4 (D.Md. July 28, 2008). Here, as in *Stebbins*, it would be manifestly unfair to require the individual Defendants to relitigate issues that were already heard and decided by the court. This case is Plaintiffs' third attempt to litigate related claims. *See In re Zeno*, 504 F.3d 64 (1st Cir. 2007); *Zeno et al. v. Fuste et al.*, No. 07-3173 (D.Md. filed Nov. 27, 2007). This case involves the same issues and same Plaintiffs and individual Defendants as *Zeno et al. v. Fuste et al.* In that case, the court held a hearing on the procedural and substantive issues before issuing its opinion and order, dismissing the case. Though Plaintiffs claim that the prior court's opinion did not render a final judgment on the merits of the case, Plaintiffs chose to withdraw their appeal to the Fourth Circuit, at which point their case was fully litigated. Whether or not a decision was rendered on

the merits, the issues were fully litigated and Defendants should not have to relitigate them here.

Furthermore, while there were alternative bases for the earlier ruling, all of them apply to this case as well. The Fourth Circuit has not stated whether claim preclusion applies in this situation, where *all* of the alternative bases for the earlier decision apply. The Restatement section upon which the Fourth Circuit relied, however, seems to account for this situation. None of the alternative bases for the earlier decision has been rectified or eliminated. It is not fundamentally unfair to hold Plaintiffs to all of those rulings.

Because *res judicata* applies, all of Plaintiffs' alleged claims, including Plaintiffs' alleged FTCA claim, will be barred because they all were brought previously or could have been brought in the first action. Plaintiffs' alleged claims against the United States in this action are based on the same cause of action litigated in the earlier proceeding, namely the individual Defendants' conduct involving Plaintiffs' disciplinary proceedings, CJA payments, and attorney-client relationships. The United States Court of Appeals for the Fourth Circuit has held that "[t]he test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim

resolved by the prior judgment." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)(quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)(internal marks omitted).   An action is substantially the same as a prior action when it seeks the same relief and implicates the same set of material facts.   *See Adkins v. Allstate Insurance Co.*, 729 F.2d 974, 976 (4th Cir. 1984).   The court has further held that "two suits constitute the same cause of action if they rely on the same facts, even though the legal theories on which recovery is based or the remedies sought are different."   *Kutzik v. Young*, 730 F.2d 149, 152 (4th Cir. 1984)(citing *Mettee v. Boone*, 251 Md. 332, 341 (1968)).   Here, Plaintiffs' claims arise from the same conduct that was considered by the court in *Zeno et al. v. Fuste et al.*   Therefore, Plaintiff was required to bring any claims arising from this transaction in the previous litigation.

**B.   Collateral Estoppel / Issue Preclusion**

Even if *res judicata* is inapplicable in this case, collateral estoppel, or issue preclusion, bars this court's consideration of the issues of venue and immunity as applied to the individual Defendants, even under the Fourth Circuit's limitations.[1]

---

[1]   Comment b and Illustration 1 to Section 20 of the Restatement state that issue preclusion may apply even when
(continued on next page)

14

Collateral estoppel "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks and citation omitted).

There are two types of collateral estoppel: offensive and defensive.   In *In re Microsoft Antitrust Litigation Corp.,* 355

---

claim preclusion might not.   Illustration 1 specifically points out that the issue of venue may be precluded by collateral estoppel even when it is not precluded by *res judicata*.

>      Comment:
>
>      b. Effect of judgment as to issues decided.
>      The rules of issue preclusion (see §§ 27,
>      28) apply to a valid and final personal
>      judgment for the defendant even though the
>      judgment is one which, under this Section,
>      does not bar another action on the same
>      claim.
>
>      Illustration:
>      1. A brings an action against B for personal
>      injuries, and the action is dismissed for
>      improper venue on the ground that the
>      judicial district in which suit was brought
>      was not the district of defendant's
>      residence as required by law. Although A is
>      not barred from maintaining an action on the
>      claim in another district, the rules of
>      issue preclusion are applicable to the
>      determination that venue was improper in the
>      initial action.

F.3d 322, 326 (4th Cir. 2004), the Fourth Circuit described the difference:

> When a plaintiff employs the doctrine of collateral estoppel or issue preclusion "to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party" it is known as "offensive collateral estoppel." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979). And when a defendant employs the doctrine "to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant," it is known as "defensive collateral estoppel." *Id.*

The elements that must be fulfilled for collateral estoppel to bar an issue or fact are as follows:

> To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft*, 355 F.3d at 326.

In a case involving offensive collateral estoppel, the Fourth Circuit decided that the requirement that "the issue or fact was critical and necessary to the judgment in the prior proceeding" means that an issue or fact needs to be "essential

to" a prior judgment to have a preclusive effect.   In *In re Microsoft*, the plaintiffs attempted to use offensive collateral estoppel to preclude the defendant from relitigating factual findings that were made in a case brought against the defendant by different plaintiffs in a different court.   In deciding the meaning of "critical and necessary," the court expressed the following concern regarding the use of offensive collateral estoppel: "If a trial court were to make an unnecessary or collateral finding in a case and the defendant appealed the judgment, the appellate court, in affirming the judgment, would generally not reach the unnecessary findings.   Thus, such findings would evade appellate review." *Id.* at 327.   The court noted that the United States Supreme Court granted courts "broad discretion to determine when [offensive collateral estoppel] should be applied" because of a "greater possibility of unfairness from the use of offensive collateral estoppel." *Id.* at 326.   The court decided that parties would have a greater opportunity for full litigation of issues if the "critical and necessary" requirement were interpreted strictly to mean that the issue or fact must be "essential to," *instead of* merely "supportive of" the judgment in the prior proceeding in order to be barred by collateral estoppel in a future proceeding.   In other words, in the Fourth Circuit, issues are generally not

17

barred by collateral estoppel when more than one issue could independently support the result of the prior judgment.

Despite the Fourth Circuit's general rule regarding alternative rulings and collateral estoppel, the Fourth Circuit has applied defensive collateral estoppel to bar issues in a case where two issues were previously decided and where both of the issues could have independently supported the result. In *Ritter v. Mount St. Mary's Coll.*, 814 F.2d 986 (4th Cir. 1987), *cert. denied* 484 U.S. 913 (1987), a plaintiff brought legal and equitable claims under Title VII of the Civil Rights Act, the Equal Pay Act, and the Age Discrimination in Employment Act. *Ritter*, 814 F.2d at 988. The district court dismissed the plaintiff's legal claims and held a bench trial on the equitable claim under Title VII. *Id.* The plaintiff appealed the legal claims to the Fourth Circuit, which remanded the claims to the district court for a trial.

The question before the Fourth Circuit on a second appeal was whether certain factual issues determined by the court in the bench trial should collaterally estop the relitigation of those issues in the jury trial on the legal claims. The court acknowledged that "where the court in the prior suit has determined two issues, either of which could independently support the result, then neither determination is considered essential to the judgment. Thus, collateral estoppel will not

18

obtain." *Id.* at 993.   Though the court's prior decision involved the determination of one essential and one nonessential issue, the court decided that the use of collateral estoppel was not limited to the essential issue in the second trial.   The court noted,

> [t]he collateral estoppel doctrine is a judge-made rule, capable of flexible interpretation to serve the interests of judicial economy by preserving needless relitigation.   This flexibility is constantly limited by the overriding principle that the courts should protect a litigant's right to a full and fair opportunity to litigate his claims.

*Id.* at 994.   The court concluded that "the interest of the appellant in a full and fair opportunity to present her side of the case [had] been protected" because the case involved "the same parties, the same issues, the same facts, and even the same court" as the previous determination.   *Id.*

Here, as in *Ritter*, defensive collateral estoppel will apply to bar the court's consideration of issues that involve "the same parties, the same issues, the same facts, and even the same court."   Though this case has been assigned to a different judge, Plaintiffs' allegations regarding the individual Defendants are exactly the same as in Plaintiffs' complaint in the prior case. Because the complaints are nearly identical, this case presents the same issues of personal jurisdiction, venue, and immunity as to the individual Defendants that were

19

resolved by the court's judgment in the prior proceeding. Furthermore, Plaintiffs had a full and fair opportunity to litigate those issues in the prior proceeding. Plaintiffs filed a notice of appeal in the Fourth Circuit after their case was dismissed, and then asked the Fourth Circuit to dismiss their appeal, citing a change in their own legal strategy. Motion to Dismiss Appeal, *Zeno et al. v. Fuste et al.*, No. 08-1956 (4th Cir. Dec. 15, 2008). In doing so, Plaintiffs conceded the issues of personal jurisdiction, venue, and immunity as to the individual Defendants. The court's prior decision became final when Plaintiffs' appeal was dismissed by the Fourth Circuit. Order Granting Motion to Dismiss Appeal, *Zeno et al. v. Fuste et al.*, No. 08-1956 (4th Cir. Dec. 15, 2008). Finally, despite the fact that the court's previous decision rested on three alternative grounds for dismissal — personal jurisdiction, venue, and immunity — all of the grounds apply in this case.

Therefore, collateral estoppel bars Plaintiffs from relitigating the issues of personal jurisdiction, venue, or immunity for the individual Defendants, and Plaintiffs' complaint against the individual Defendants will be dismissed. The only issue remaining for the court to decide is whether Plaintiffs have a claim under the FTCA against the United States. As noted above, *res judicata* (claim preclusion) bars all of Plaintiffs' claims, including any claims under the FTCA.

Even if *res judicata* does not apply to all of Plaintiffs'
claims, however, Plaintiffs' alleged FTCA claims will be
dismissed.

## III. Federal Tort Claims Act

Defendants have moved to dismiss Plaintiffs' FTCA claim on
the basis that Plaintiffs do not state a claim.  Defendants
contend that "Plaintiffs have not set forth common law tort
claims under either Puerto Rico or Maryland Law which even
suggest claims that would be actionable against a private person
under similar circumstances."  (Paper 9, at 6).  Defendants
argue that "[t]o the extent that Plaintiffs' claims can be
viewed as intentional tort claims, such claims are expressly
excluded from the FTCA by 28 U.S.C. §2680(h)."  (*Id.* at n. 3).

### A.    Standard of Review

Defendants state that Plaintiffs have failed to state a
claim under the FTCA, indicating that they move to dismiss under
Fed.R.Civ.P. 12(b)(6).  It may be more appropriate to analyze
the intentional tort exception to the FTCA as a matter of
subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  *See,
e.g.*, *Welch v. United States*, 409 F.3d 646, 653 (4th Cir. 2005)
(affirming a district court's decision to apply the intentional
tort exception and bar Plaintiffs' FTCA claim under rule
12(b)(1) for lack of subject matter jurisdiction).  In any
event, Defendants are correct that Plaintiffs' alleged claims

21

against the United States are subject to the intentional tort exception, so they will be dismissed.

### B.   Analysis

The FTCA is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. See *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA provides, in pertinent part, that the United States can be subject to claims:

> for money damages, ..., for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, the FTCA does not create new causes of action. *See Florida Auto Auction of Orlando, Inc. v. United States*, 74 F.3d 498, 502 (4th Cir. 1996). "Instead, the [FTCA] 'only serves to convey jurisdiction when the alleged breach of duty is tortious under *state* law.'" *Id.* (emphasis in original)(quoting *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 969 (4th Cir. 1992)). Moreover, "Congress has expressly stated that the Government's liability is to be determined by the application of . . . the law of the place

where the act or omission occurred." *Richards v. United States*, 369 U.S. 1, 9 (1962); *see also Cooner v. United States*, 276 F.2d 220, 223 (4th Cir. 1960)(The FTCA "requires the federal courts . . . to apply the law of agency of the place of the accident to determine whether a Government employee is acting in the scope of his employment.").

The United States is liable under the FTCA only to the limited extent that it has waived sovereign immunity. 28 U.S.C. §§ 1346(b), 2674; *Rich v. United States*, 158 F.Supp.2d 619, 628 (D.Md. 2001). Further, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and is entitled to all defenses available to its agents. *Norton v. United States*, 581 F.2d 390 (4th Cir. 1978), *cert. denied*, 439 U.S. 1003 (1978).

Plaintiffs' complaint does not clearly present any cause of action that is actionable against the United States under the FTCA. Plaintiffs' complaint alleges: (1) federal employees, intentionally interfered with Mr. Zeno's CJA payments "in violation of their authority and/or duties under the CJA"; (2) federal employees intentionally "used their authority and/or duty under the CJA as a mechanism of punishment and/or vindictiveness in their illegal disciplinary proceedings against Mr. Zeno"; (3) federal employees "used their authority to create a disciplinary case against Mr. Zeno which would otherwise not

warrant any discipline"; (4) federal employees used their authority to maliciously interfere with Mr. Zeno's attorney-client relationships to intentionally inflict pain and suffering on Plaintiffs; and (5) federal employees used their authority to "maliciously persecute Mr. Zeno, harassing him and violating his constitutional and legal rights with the intention of fabricating a criminal and/or civil case against him and/or inflicting on him an unknown type of damage." (Paper 1, at 2-13). Construing the complaint in the light most favorable to Plaintiffs, the tort claims that Plaintiffs appear to allege are all intentional torts.

The FTCA excludes from the waiver of sovereign immunity specific types of tort claims, including intentional torts and claims "arising out of" those torts. 28 U.S.C. § 2680(h) specifically exempts from the FTCA's waiver of immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contractual rights." *See also Tinch v. United States*, 189 F.Supp.2d 313, 317 (D.Md. 2002)(applying 28 U.S.C. § 2680(h) to tort of intentional infliction of emotional distress). Because all of Plaintiffs' alleged claims are intentional torts or arise out of an intentional tort, Plaintiffs' complaint against the United States will be dismissed.

## IV.  Prefiling Injunction

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods North Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).  The remedy should not deny access to courts, and should be used only when "exigent circumstances" arise, especially when dealing with a *pro se* plaintiff.  *Id.* at 818.  One circumstance that may justify a prefiling injunction is where a litigant files meritless and repetitive actions.  *Id.* at 818.

The factors to be considered in evaluating a prefiling injunction are:

> (1) the litigant's history of vexatious litigation; (2) whether the litigant has an objective good faith belief in the merit of the action; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or the court; and (5) the adequacy of other sanctions.

*Whitehead v. Viacom*, 233 F.Supp.2d 715, 726 (D.Md. 2002)(citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), *cert. denied*, 479 U.S. 1099 (1987)); *Cromer*, 390 F.3d at 818.  After weighing these factors, if a judge determines that a prefiling injunction is an appropriate remedy, "the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue."  *Cromer*, 390 F.3d at 818.

Finally, before imposing a prefiling injunction a judge must provide the litigant with notice and an opportunity to be heard on the matter. *Id.* at 819.

Defendants argue that a prefiling injunction is proper because Plaintiffs have attempted to challenge Mr. Zeno's attorney discipline in three proceedings: *In re Zeno*, 504 F.3d 64 (1st Cir. 2007), *Zeno et al. v. Fuste et al.*, No. 07-3173 (D.Md. filed Nov. 27, 2007), and this case.  Defendants also argue that the court should not take into account Plaintiffs' *pro se* status because Mr. Zeno is an experienced attorney.

A prefiling injunction that requires Plaintiffs to obtain court approval before pursuing any legal action against Defendants in this or a related matter is not an appropriate remedy and will not be granted.  An application of the *Safir* factors establishes that the prefiling injunction is unnecessary.  Though this action mostly repeats the claims disposed of in the court's previous case, it appears that Plaintiffs had a good faith belief that their addition of the FTCA and the United States as a Defendant would establish jurisdiction that was lacking in the prior case.  Furthermore, Plaintiffs have represented that they will not file a similar case again in the District of Maryland but will "proceed from here on to the United States Court of Appeals for the Fourth Circuit and/or the United States Supreme Court." (Paper 13, at

26

3).    Therefore, a prefiling injunction is unnecessary and Defendants' motion for a prefiling injunction will be denied.

## V.    Motion to Strike

Plaintiffs request that the court strike from the record any reference to opinions written by any of the Defendants and by the Massachusetts Supreme Judicial Court.  (Paper 16, at 3). Plaintiffs admit that the court's previous opinion, written by Judge Messitte, is relevant.  *Id.*  The court has not relied on any reference to these opinions in reaching its decision and therefore Plaintiffs' motion to strike will be denied.

## VI.   Conclusion

Defendants' motion to dismiss will be granted and Plaintiffs' complaint will be dismissed on the grounds of *res judicata*, collateral estoppel, and because the FTCA does not extend to intentional torts.  Defendants' motion for a prefiling injunction will be denied.  Plaintiffs' motion to strike will be denied.  A separate Order will follow.

                              /s/
                         DEBORAH K. CHASANOW
                         United States District Judge

27